UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEVIN LYONS :
:
v. : C.A. No. 09-59ML
:
A.T. WALL, et al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court in these consolidated cases[1] is Defendants' Motion for Summary Judgment. (Document No. 43). Plaintiffs object. (Document No. 47). This Motion was referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). Defendants did not request oral argument on their Motion, and, after reviewing the pleadings, I determined that oral argument is not necessary. After reviewing the Memoranda submitted, I recommend that Defendants' Motion for Summary Judgment (Document No. 43) be GRANTED for the following reasons.

**Facts**

In considering this Motion, the Court must view the evidence in a light most favorable to the non-moving parties. The basic facts are undisputed. Plaintiff Lyons' lawsuit has been consolidated with the lawsuits of seven other plaintiffs, all of whom are inmates at the Rhode Island Adult Correctional Institution ("ACI") serving sentences after being convicted of sexual offenses. (Document No. 42, ¶¶ 1-5). The Rhode Island good time credit statute, R.I. Gen. Laws § 42-56-24, provides that all inmates serving one month or more in prison are eligible to earn time credits for

---

[1] This case is consolidated with seven other cases raising the same legal issues. (Document No. 6). The consolidated cases are Dana N. Waters v. A.T. Wall, et al., C.A. No. 09-068ML; Christopher Botelho v. A.T. Wall, et al., C.A. No. 09-069ML; Karl Krushnowski v. A.T. Wall, et al., C.A. No. 09-070ML; Fred Erdman v. A.T. Wall, et al., C.A. No. 09-073ML; Gerald M. Brown, Jr., v. A.T. Wall, et al., C.A. No. 09-075ML; David A. Roscoe v. A.T. Wall, et al., C.A. No. 09-076ML; and David Higham v. A.T. Wall, et al., C.A. No. 09-279ML.

(1) "good behavior"; (2) participation in "institutional industries;" and (3) for "meritorious service." Id. ¶ 10. Plaintiffs challenge the constitutionality of a May 2008 Amendment to the statute codified as R.I. Gen. Laws § 42-56-24(f). That new section did not reduce the opportunities for inmates convicted of a sexual offense to earn credits; however, the Amendment adds a new category of credits which excludes them but allows certain other prisoners to earn time credits for "rehabilitative services." See R.I. Gen. Laws § 42-56-24(f). Section 42-56-24(f) exempts from eligibility for such credits "prisoners [such as Plaintiffs] serving a sentence imposed for violation of any sexual offense committed under" certain specific sections of the General Laws.[2] Thus, Plaintiffs are unable to earn these "new" credits for rehabilitative services that most other inmates can earn. Plaintiffs allege that their exclusion from this new category of sentence reduction credits violates their constitutional rights to due process of law, equal protection and to be free from cruel and unusual punishment.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986)). Once

---

[2] The law also generally exempts inmates serving a life sentence.

the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57, 106 S. Ct. 2505, 2514-2515, 91 L. Ed. 2d 202 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).[3]

**Discussion**

**A.  Section 1983 v. Habeas Corpus**

---

[3] Defendants' Motion for Summary Judgment is accompanied by a Statement of Undisputed Facts (Document No. 42) filed pursuant to Local Rule Cv 56(a). Plaintiffs have not expressly denied or controverted these facts or filed a Statement of Disputed Facts pursuant to Local Rule Cv 56(a)(3) and thus the facts in Defendants' Statement are deemed admitted.

The State argues that under Preiser v. Rodriguez, 411 U.S. 475 (1973), Plaintiffs are required to bring their claims as a petition for writ of habeas corpus under 28 U.S.C. § 2254 rather than a constitutional challenge under 42 U.S.C. § 1983. Thus, the State argues that Plaintiffs' failure to proceed in Federal Court through petitions for writ of habeas corpus requires dismissal of their Complaints.

In Preiser, the Court noted that a writ of habeas corpus is the appropriate remedy for inmates challenging their state's statute for accrual of good time credits when the plaintiffs seek either "immediate release, [or] shortening the length of their actual confinement in prison...." Id. at 487. Although Preiser sets forth a clear mandate, the facts of that case are distinguishable from those presented in this action. In this case, Plaintiffs seek to invalidate the statute in issue and cannot seek as a remedy to have the statute "judicially expanded" to include them. Specifically, Plaintiffs seek "a permanent injunction enjoining defendants...from continuing their...usage of RI General Law 42-56-24...because of the discrimination and bias...that prohibits [them] from receiving the same privileges as all other inmates...." (Complaint, ¶ II; see also Complaint, ¶ VIII, seeking a "permanent injunction enjoining the defendants...from utilizing R.I.G.L. § 42-56-24 as Amended May 2008 excluding the Plaintiff and any other's of his class from the same rights and privileges as other inmates...."). In fact, in response to Defendants' Motion for Summary Judgment, Plaintiffs stated that, "No where, in the plaintiff's law suits have they asked for immediate release nor speedy release from the Court. All they have asked for is to be treated equally under the law." (Document No. 47 at 3). Because Plaintiffs are not seeking release from custody or to shorten their sentences, these are not habeas claims, and Plaintiffs have properly pursued their constitutional challenges under 42 U.S.C. § 1983.

  **B.  Due Process Claim**

Plaintiffs allege that the fact that sexual offenders are precluded from accruing "good time" credit for rehabilitative services violates their right to due process of law. Both the United States Supreme Court and the Rhode Island Supreme Court have noted that there is no Constitutional right to good time credit to offset a prison sentence. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974) ("the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison"); Barber v. Vose, 682 A.2d 908, 911 (R.I. 1996) ("there is no liberty interest created by our good time and industrial credit statute..."). In Barber, the Rhode Island Supreme Court noted that the right to good time credits is "purely statutory" and "discretionary." Id. at 911-912, 917. Thus, the Court rejected an inmate's claim that he had a "constitutionally vested and protected property right" in good time credits which could not be revoked without due process. Id.

Even though Barber was decided years before the statutory section in dispute was enacted, its reasoning is equally applicable to the present situation. The statutory provision in question in this case provides that rehabilitative services credit "may" be deducted from an inmate's term of imprisonment "with the consent of the director and upon the recommendation of the assistant director, rehabilitative services...." R.I. Gen. Laws § 42-56-24(f). Accordingly, the language is more permissive than the language examined by the Barber court, which stated that an award of time "shall" be granted "with the consent of the director of the department of corrections...upon recommendation to him or her by the assistant director of institutions...." See Barber, 682 A.2d 910; and R.I. Gen. Laws § 42-56-24(b). Thus, even though Barber did not examine the precise statutory provision in question, it is persuasive authority since that Court considered similar language and concluded that the right to "good time" credit was discretionary and did not support a due process claim. See also Wilder v. Dep't of Corr., 89 F.3d 824, 1996 WL 374983 at *1 (1st Cir. 1996) (per curiam) (court rejected due process claims of convicted sex offenders because they "possess no

liberty interest in receiving good-time credits"). For these reasons, I recommend that the District Court find that Plaintiffs have failed to set forth a cognizable claim for either a procedural or substantive due process violation since they have no constitutionally protectable liberty interest in or property right to the "good time" credits in issue.

### C. Cruel and Unusual Punishment Claim

Plaintiffs also allege that the "discrimination and bias" they allegedly suffered as a result of the enactment of R.I. Gen. Laws § 42-56-24(f) constitutes a violation of the U.S. Constitution's Eighth Amendment prohibition against cruel and unusual punishment. In order to prevail on an Eighth Amendment claim, Plaintiffs are required to plead facts which, if taken as true, establish a deprivation of the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Additionally, the Eighth Amendment only prohibits the "wanton infliction of pain." Id.

The Supreme Court in Wilson noted that an analysis of an Eighth Amendment claim considers two questions. First, the Court considers an objective component, i.e., "was the deprivation sufficiently serious?" Next, the Court considers a subjective component, i.e. "did the officials act with a sufficiently culpable state of mind?" Here, Plaintiffs' claim absolutely fails both the objective and subjective portions of the test and is frivolous. First, they have not plead a sufficiently serious violation. As previously noted, there is no constitutional right to earn "good time" credits, and Plaintiffs have plead no other facts which demonstrate a deprivation of the "minimal civilized measure of life's necessities." Secondly, they fail to establish any evidence as to the second subjective component as they have presented no evidence as to any malicious intent. Accordingly, I recommend that the District Court find that Plaintiffs' Eighth Amendment claim fails.

D.  **Equal Protection**

The U.S. Constitution's Fourteenth Amendment states that "No State shall...deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Fourteenth Amendment's guarantees, however, must "coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." Romer v. Evans, 517 U.S. 620, 631 (1996). As this Court has recognized, "[i]t is hornbook law that application of the Equal Protection Clause depends upon the class of persons or the interest affected by the law at issue." Pelland v. Rhode Island, 317 F. Supp. 2d 86, 95 (D.R.I. 2004). Laws that affect a suspect or quasi-suspect class of persons are subject to strict or intermediate scrutiny, respectively; while laws that affect neither need only be "rationally related to legitimate governmental interests." Id.

In this case, the class of people alleging an equal protection violation is a group of inmates serving prison time for various sexual offenses. Because they are neither a suspect, nor a quasi-suspect class, the rational basis test applies to their equal protection claims. Roe v. Farwell, 999 F. Supp. 174, 194 (D. Mass. 1998); ("[p]ersons who commit certain sex offenses and are classified as sex offenders are neither part of a suspect nor a quasi-suspect classification."); see also Doe v. Moore, 410 F.3d 1337, 1346 (11th Cir. 2005) ("sex offenders are not considered a suspect class in general"); Cutshall v. Sundquist, 193 F.3d 466, 482 (6th Cir. 1999) ("convicted sex offenders are not a suspect class"); United States v. Coleman, No. 09-30-ART, 2009 WL 4255545 at *7 (E.D.Ky. Nov. 24, 2009) ("sex offenders are not members of a suspect class under equal protection jurisprudence"); and Doe v. Weld, 954 F. Supp. 425, 436 (D. Mass. 1996) ("juvenile sex offenders are not in a suspect or quasi-suspect class").

Since convicted sex offenders are not in a suspect or quasi-suspect class, Defendants must demonstrate that the restrictions placed on sex offenders' ability to earn rehabilitative time credits are "rationally related to a legitimate government interest." Pelland, 317 F. Supp.2d at 96. "The State may not[, however,] rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 446 (1985). The challenged statute contains a section, R.I. Gen. Laws § 42-56-24(a), which was added as part of the 2008 Amendment and states in part that the statute "recognizes the serious nature of sex offenses; promotes community safety and protection of the public; and maintains the ability of the department of corrections to oversee the rehabilitation and supervision of sex offenders." Defendants contend that each of the aims outlined in the statute is served by exempting convicted sexual offenders from being awarded "good time" credits for rehabilitative services because it limits the opportunities available to sex offenders to reduce their time in incarceration. Although the General Assembly could have drawn the eligibility line for rehabilitative credits at some other point, its decision to draw the line at felony sex offenders (and inmates sentenced to life) cannot be construed as "arbitrary or irrational." It is also important to note that the 2008 Amendment did not take anything away from Plaintiffs but offers a new incentive to other inmates to utilize rehabilitative services to reduce their sentences. The 2008 Amendment also rationally advances the public's interests in reducing recidivism and decreasing the prison population, i.e., the economic costs of incarceration. The General Assembly, however, has rationally concluded that those public interests are outweighed by other legitimate concerns in the case of felony sex offenders, and it is not this Court's province to second-guess that legislative judgment in the context of the rational basis test. Defendants have sufficiently shown that the

restrictions placed on sex offenders are rationally related to the State's interest in the supervision of sex offenders and the safety of the public.

Here, Defendants have sufficiently proffered a rational basis for treating convicted sex offenders differently from other inmates. As noted above, when it enacted the 2008 Amendment in issue, the General Assembly also revised the statute to articulate its purposes. See R.I. Gen. Laws § 42-56-24(a). The practical impact of the exemption of convicted sex offenders from the "new" rehabilitation credits is that convicted sex offenders have less opportunity to shorten their period of incarceration than most other inmates and thus will theoretically serve a greater percentage of their original sentences in custody.[4] See Smith v. Doe, 538 U.S. 84, 93 (2003) (In rejecting ex post facto clause challenge to a state sex offender registration statute, Supreme Court recognized that state legislature's finding that sex offenders pose a high risk of reoffending was a legitimate, nonpunitive governmental objective); and United States v. Coleman, 2009 WL 4255545 at *7 (rejecting equal protection challenge to federal Sex Offender Registration and Notification Act because it is rationally related to the legitimate interest of protecting the public from sex offenders). Finally, in Wilder v. Dep't of Corr., 89 F.3d 824, 1996 WL 374983 (1st Cir. 1996) (per curiam), the First Circuit considered constitutional challenges to a Massachusetts statute withholding good time credits from inmates convicted of certain sex offenses. In addition to rejecting a due process challenge, the First Circuit rejected the plaintiffs' equal protection argument since it ran "into a wall of case law

---

[4] Plaintiffs dispute Defendants' proffered concerns as to recidivism risks for sex offenders and, as support, submit an excerpt from a Human Rights Watch article on sex offender laws in the U.S. (Document No. 47-2). However, the article cites a 2004 study which reported that "[o]ver a 15-year period, recidivism rates for all sex offenders averaged 24 percent...not a trivial rate by any means, given the seriousness of the offenses committed." Although the issue of recidivism is complex and encompasses a number of factors such as the nature of the offense committed and the perpetrator's personal history, the bottom line is that recidivism is a legitimate governmental concern which is rationally related to the law under review. The rational basis test does not require the Court to determine if a legislative judgment is absolutely correct. Rather, a law which does not disparately impact a suspect or quasi-suspect class survives equal protection review if it is "rationally related to a legitimate governmental interest."

indicating otherwise." Id. (citations omitted).  Plaintiffs here run into that same wall and have failed to establish an equal protection violation on these undisputed facts.  Accordingly, I recommend that the District Court find that Plaintiffs' equal protection clause claim fails.

**Conclusion**

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (Document No. 43) be GRANTED and that the Clerk enter Final Judgment in favor of Defendants in all of these consolidated cases.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See  Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
Lincoln D. Almond
United States Magistrate Judge
January 25, 2010